Approved: _/s/ Lauren Schorr_
LAUREN SCHORR / JACOB WARREN / CHRISTOPHER CLORE
Assistant United States Attorneys

Before:   HONORABLE HENRY B. PITMAN
          United States Magistrate Judge
          Southern District of New York

**18 MAG 5288**

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

          - v. -

ROBERT VASQUEZ AND SHANICE AVILES,

                    Defendants.

- - - - - - - - - - - - - - - - - - x

**COMPLAINT**

Violation of
21 U.S.C. §§ 841 & 846

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

ROBERTO CORDERO, being duly sworn, deposes and says that he is a Detective with the New York City Police Department (the "NYPD"), and charges as follows:

### COUNT ONE
### (Narcotics Distribution Conspiracy)

1. From at least in or about January 2018 through in or about June 2018, in the Southern District of New York and elsewhere, ROBERT VASQUEZ and SHANICE AVILES, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree, together and with each other, to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that ROBERT VASQUEZ and SHANICE AVILES, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substances that ROBERT VASQUEZ and SHANICE AVILES, the defendants, conspired to distribute and possess with the intent to distribute were mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C), and mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(C).

2

(Title 21, United States Code, Section 846.)

4. The bases for my knowledge and the foregoing charge are, in part, as follows:

5. I am a Detective with the NYPD. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. Based on my participation in this investigation, including in-person surveillance, my conversations with other law enforcement officers and others, my review of reports and records, and my review of video footage, I have learned, among other things, that an undercover NYPD officer ("UC-1") conducted approximately nine controlled purchases of cocaine or crack cocaine from ROBERT VASQUEZ, the defendant, and/or SHANICE AVILES, the defendant, between in or about January 2018 and in or about May 2018. All of the controlled purchases were video-recorded. Five of the controlled purchases are described below:

a. On or about January 2, 2018, UC-1 was approached by an individual ("CC-1") in front of a building located at 339 East 115th Street in the Thomas Jefferson Houses in East Harlem, New York. UC-1 and CC-1 discussed, in sum and substance, what narcotics CC-1 could obtain for UC-1. Among other things, CC-1 stated, in sum and substance, that he could get "soft," a street term for cocaine. UC-1 agreed to purchase "soft." CC-1 then used UC-1's cellphone to place a call to a particular number (the "Vasquez Number"). When CC-1 completed the phone call, UC-1 and CC-1 first stopped at 325 East 112th Street inside the Jefferson Houses ("325 East 112th Street"), where UC-1 gave CC-1 $40. UC-1 and CC-1 then traveled to 327 East 112th Street inside the Jefferson Houses ("327 East 112th Street"). Inside 327 East 112th Street, UC-1 observed CC-1 meet with ROBERT VASQUEZ, the defendant. CC-1 handed VASQUEZ $40 in exchange for 2 ziplock bags containing a substance that later field tested positive for cocaine. CC-1 then handed UC-1 those two ziplock bags containing cocaine.

      b. On or about February 28, 2018, UC-1 called VASQUEZ at the Vasquez Number to arrange a narcotics transaction. UC-1 asked, in substance and in part, for "5" and the VASQUEZ directed UC-1 to the ninth floor of 327 East 112th Street. UC-1 then met with VASQUEZ on the ninth floor of 327 East 112th Street, and VASQUEZ instructed UC-1, in sum and substance, to wait for a woman who would provide the narcotics. A few minutes later, SHANICE AVILES, the defendant, arrived and met with UC-1. UC-1 gave AVILES $100 in exchange for five ziplock bags containing a substance that later field tested positive for cocaine. At VASQUEZ's direction, UC-1 obtained AVILES's number (the "Aviles Number").

      c. On or about March 5, 2018, UC-1 called VASQUEZ at the Vasquez Number to arrange a narcotics transaction. During that conversation, UC-1 asked VASQUEZ, in sum and substance, to meet him at "327." VASQUEZ responded, in substance, that they would meet at the eighth floor of 325 East 112th Street. When UC-1 arrived, VASQUEZ asked, in sum and substance, how many UC-1 wanted, to which UC-1 responded "5." VASQUEZ retrieved from a bag on his waist five ziplock bags containing a substance that later field tested positive for cocaine. UC-1 gave VASQUEZ $100. VASQUEZ then told UC-1 to go to 327 East 112th Street and to tell the individual whom UC-1 understood to be AVILES to give UC-1 one more bag of cocaine. UC-1 thereafter went to 327 East 112th Street and called AVILES at the Aviles Number, informing AVILES that VASQUEZ said to bring UC-1 a bag. A few minutes later, AVILES arrived and handed UC-1 one ziplock bag containing a substance that later field tested positive for cocaine.

      d. On or about March 14, 2018, UC-1 called AVILES at the Aviles Number to arrange a narcotics transaction. During that conversation, UC-1 asked, in sum and substance, for "4 hard" (referring to crack cocaine) and "3 white" (referring to powder cocaine) to which AVILES responded, "okay." Soon thereafter, UC-1 met with AVILES inside of 327 East 112th Street. Inside the fourth floor hallway, AVILES gave UC-1 four ziplock bags containing a substance that later field tested positive for cocaine base, and three ziplock bags containing a substance that later field tested positive for cocaine. UC-1 gave AVILES $100.

      e. On or about March 15, 2018, UC-1 called AVILES at the AVILES number to arrange a narcotics transaction. UC-1 then met AVILES outside of 327 East 112th Street. They entered the elevator of the building, and AVILES asked UC-1 how

4

much UC-1 wanted, to which UC-1 responded "6 hard," referring to crack cocaine. While inside the elevator, AVILES gave UC-1 six ziplock bags containing a substance that later field tested positive for cocaine base, in exchange for $60.

f. On or about May 14, 2018, UC-1 met with VASQUEZ in the vicinity of 115th Street and Second Avenue in the Jefferson Houses. UC-1 asked VASQUEZ, in sum and substance, if VASQUEZ had "any work" with him, referring to narcotics. VASQUEZ responded, in sum and substance, that he had just picked up narcotics and to call in an hour. Approximately one hour later, UC-1 called VASQUEZ and confirmed that VASQUEZ was ready for UC-1. VASQUEZ directed UC-1 to the ninth floor of 327 East 112th Street. UC-1 then met VASQUEZ outside an apartment on the ninth floor, where VASQUEZ gave UC-1 2 ziplock bags of a substance that later field tested positive for cocaine, in exchange for $40. UC-1 asked VASQUEZ for "hard," referring to crack cocaine. VASQUEZ stated, in sum and substance, that he did not have that available, but UC-1 could "cook" the purchased cocaine, and that someone upstairs had crack cocaine.

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrests of ROBERT VASQUEZ and SHANICE AVILES, the defendants, and that they be imprisoned or bailed, as the case may be.

ROBERTO CORDERO
Detective
New York City Police Department

ON 7-18-18,
NUNC PRO TUNC TO

Sworn to before me this
19th day of June, 2018

HONORABLE HENRY B. PITMAN
United States Magistrate Judge
Southern District of New York